# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESHED ALSTON,<br><br>    Plaintiff,<br><br>    v.<br><br>DELAWARE DEPARTMENT OF EDUCATION, SECRETARY BUNTING, EQUALITY DELAWARE FOUNDATION, INC., AND MARK PURPURA OF THE FIRM OF RICHARDS LAYTON AND FINGER, P.A.,<br><br>    Defendants, | Civil Action No. 1:18-cv-00408-LPS |

## DEFENDANTS' MOTION TO DISMISS

Defendants, the Delaware Department of Education and its Secretary, Susan Bunting (collectively, the "State Defendants"), Equality Delaware Foundation, Inc. ("Equality Delaware"), and Mark Purpura hereby move to dismiss the Complaint pursuant to F.R.C.P 12(b)(1) and F.R.C.P. 12(b)(6). In addition, Defendants have not been properly served and file this motion without waiving any defenses available to them, including without limitation, defenses based upon service of process.

## BACKGROUND

1. By the Complaint, Plaintiff makes vague allegations, presumably under federal law, seemingly positing that Defendants are violating Plaintiff's civil rights by attempting to enact Regulation 225, a non-discrimination regulation that would govern Delaware public schools. The purpose of proposed Regulation 225 will be "to provide guidance to School Districts and Charter Schools for the development of a policy prohibiting discriminatory treatment of students on the basis of a Protected Characteristic(s) in all Educational Programs

and Activities and Extra-Curricular Activities." (D.I. #1, Ex. A, at 2).  Read in the light most generously favorable to the Plaintiff, the Complaint seeks to enjoin the State Defendants from promulgating the proposed Regulation 225 because it inexplicably interferes with Plaintiff's civil rights, violates Plaintiff's constitutional right to equal protection, and is generally contradictory to Plaintiff's religious beliefs.

## ARGUMENT

2. Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994).  Subject matter jurisdiction is conferred where the parties are diverse and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332, and also when a federal question is presented, 28 U.S.C. § 1331.  *Malarik v. Dinunno Enterprises, Inc.*, 157 F. App'x 536, 537 (3d Cir. 2005).  The named Defendants include a state agency (Delaware Department of Education), a state employee (Secretary Bunting), a non-profit, nonstock corporation incorporated under Delaware law (Equality Delaware) and an officer and director of the non-profit entity (Mark Purpura),[1] all of whom reside in Delaware, and therefore the basis for jurisdiction in this Court must be federal question, not diversity.  However, the claims do not appear to raise a federal question, but rather appear to seek to enjoin the State Defendants from promulgating a regulation under the Delaware Administrative Procedures Act, 29 *Del. C.* ch. 101.  Accordingly, the Complaint should be dismissed under Rule 12(b)(1).

3. In any event, a Section 1983 claim against the State Defendants, to the extent

---

[1] The caption of the Complaint identifies Mr. Purpura as being affiliated with the law firm of Richards, Layton & Finger, P.A. ("RLF"), where he is a Director of the firm, but the Complaint does not allege that Mr. Purpura took any action in his capacity as an attorney on behalf of RLF.  Accordingly, Mr. Purpura joins in this motion in his individual capacity as an officer and director of Equality Delaware and the arguments herein are without prejudice to, and are not intended to waive, any arguments that Mr. Purpura could assert, or that RLF may assert on his behalf, in his capacity as a Director of RLF.

Plaintiff is attempting to bring that cause of action, is barred by sovereign immunity. The State Defendants enjoy absolute immunity from suit. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993) ("Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court'" under the Eleventh Amendment) (citation omitted)); *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (suit against state official in his official capacity is no different from a suit against the state itself); *Robinson v. Danberg,* 729 F.Supp.2d 666, 675 (D. Del. 2010) ("The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment"). The Delaware Department of Education is a state agency immune from suit under the Eleventh Amendment regardless of the relief sought. The Delaware Secretary of Education is a state official and the suit against her is a suit against the state itself, and she is also immune from suit under the Eleventh Amendment. *See Alston v. Admin. Offices of Del. Courts*, 663 F. App'x 105, 108 (3d Cir. 2016) ("Pertinent to Alston's apparent cause of action, we recognize that Congress did not abrogate the states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983" (citing *Will*, 491 U.S. at 66)).

4. In addition, the Complaint fails to state a claim under Section 1983 against Equality Delaware, a non-profit corporation, and Mark Purpura, as an officer of a non-profit corporation, because those defendants are not "persons" or "state actors" as those terms are defined in Section 1983. Indeed, the Complaint apparently seeks to enjoin Equality Delaware and Mr. Purpura from taking actions that they, as private citizens, lack the power to undertake in the first instance—namely, promulgating Regulation 225, which can only be accomplished by "state actors" such as the State Defendants, who are immune. Neither Equality Delaware nor Mr. Purpura have any legislative or rulemaking authorities whatsoever, and nothing in the

Complaint suggests that Equality Delaware or Mr. Purpura operated in any fashion other than in their private capacities advocating for non-discriminatory policies, including while Mr. Purpura participated in the taskforce formed by the State Defendants to assist them in developing the proposed Regulation 225.

5. For this reason, private, non-profit corporations like Equality Delaware, and their officers and directors, are not usually viewed as "persons" or "state actors" as defined by Section 1983. *See*, *e.g.*, *D'Alessandro v. ACLU*, 2006 WL 3253422, at *3 (D. Del. Nov. 8, 2006) ("The ACLU is a private, nonprofit organization….The ACLU and its officers and directors are not "state actors" as that term is defined under §1983… [The ACLU is] not 'clothed with the authority of state law.'"). And Mr. Purpura's collaboration and participation in a taskforce organized by the State Defendants, and Equality Delaware's and Mr. Purpura's subsequent support for proposed Regulation 225, does not transform them into state actors. *See, e.g., Reichley v. Pennsylvania Department of Agriculture*, 427 F.3d 236, 244-45 (3d. Cir. 2005) (determining that the organization in question's collaboration with a state agency to develop regulations did not make it a state actor since final enforcement authority and ability to promulgate regulations remained with the state).

6. Finally, the Complaint should be dismissed under the applicable pleading standard in this Court. In order to survive a motion to dismiss, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In light of this standard, the court "must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Daoud v. City of Wilmington*, 894

F.Supp.2d 544, 550 (D. Del. 2012). However, "the basic principle that a court must accept all allegations as true is inapplicable to either legal conclusions or '[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements.'" *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009)). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

7. "Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than 'legal conclusions' or 'naked assertions.'" *Siwulec v. J.M. Adjustment Servs., LLC*, 465 F. App'x 200, 202 (3d Cir. 2012) (quoting 550 U.S. at 557). "Such allegations are 'not entitled to the assumption of truth' and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss." *Id.* (quoting *Iqbal*, 556 U.S. at 678-679). The Court must then "identify 'the "nub" of the . . . complaint–the well-pleaded, nonconclusory factual allegation[s].'" *Id.* (citation omitted). Taking these allegations as true, the court must then determine whether the complaint states a plausible claim for relief. *Id.* Even construing the Complaint liberally in favor of the Plaintiff here, the Complaint must be dismissed under these exacting standards.

8. The Complaint comes woefully short of the above standard and should therefore be dismissed. In short, the Complaint fails to provide a short and plain statement showing (1) jurisdiction of the Court or (2) any plausible facts demonstrating that the Defendants violated any federal right of the Plaintiff. Accordingly, the Complaint must be dismissed for failure to state a claim.

**WHEREFORE,** the Defendants respectfully request that the claims against them be dismissed with prejudice and that the Court grant such other relief as it deems just and appropriate.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

*/s/ Patricia A. Davis*

_____

Patricia A. Davis (ID # 3857)
Deputy Attorney General
Department of Justice
120 W. Water Street, 3rd Floor
Dover, DE 19904
(302) 257-3233
   *Attorney for Defendant Delaware
   Department of Education and Secretary
   Bunting*

**WILSON SONSINI GOODROCH
 & ROSATI, P.C.**

*/s/ Bradley D. Sorrels*

_____

Bradley D. Sorrels (ID# 5233)
Ian R. Liston (ID# 5507)
222 Delaware Avenue, Suite 800
Wilmington, DE 19801
(302) 304-7600
bsorrels@wsgr.com
iliston@wsgr.com
   *Attorneys for Defendants Equality
   Delaware Foundation, Inc. and Mark
   Purpura*

DATED: April 10, 2018