IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ESHED ALSTON,

        Plaintiff,

v.                                   Civ. No. 18-408-LPS

DELAWARE DEPARTMENT OF
EDUCATION, et al.,

        Defendants.

EShed Alston, Dover, Delaware, Pro Se Plaintiff.

Patricia A. Davis, Deputy Attorney General, Delaware Department of Justice, Dover, Delaware. Counsel for Defendants Delaware Department of Education and Secretary Bunting.

Bradley D. Sorrels, Esquire, Wilson Sonsini Goodrich & Rosati, PC., Wilmington, Delaware. Counsel for Defendants Equality Delaware Foundation, Inc. and Mark Purpura.

**MEMORANDUM OPINION**

March 11, 2019
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff EShed Alton ("Plaintiff"), who proceeds *pro se* and has paid the filing fee, filed this action on March 15, 2018 pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986. (D.I. 1) Plaintiff seeks injunctive relief and a hearing prior to the enactment of Delaware Regulation 225. Defendants move to dismiss. (D.I. 7) Plaintiff did not file an opposition to the motion.

## II. BACKGROUND

Plaintiff, a "Delaware school taxpayer," objects to proposed Regulation 225 (the "Regulation"), a non-discrimination regulation that would govern Delaware public schools in relation to discrimination against transgender students. (D.I. 1 at 1) The purpose of the Regulation is "to provide guidance to School Districts and Charter Schools for the development of a policy prohibiting discriminatory treatment of students on the basis of a Protected Characteristic(s) in all Educational Programs and Activities and Extra-Curricular Activities. (D.I. 1 at Ex. A at 2) Plaintiff alleges the Regulation violates his right to equal protection and is contradictory to his religious beliefs.

Named defendants include the Delaware Department of Education ("DOE"), Delaware Secretary of Education Bunting ("Bunting"), Equality Delaware Foundation, Inc. ("Equality Delaware"), and Mark Purpura ("Purpura"). Plaintiff alleges the Regulation proposed by the State and Equality Delaware is absent moral imperatives, anti-Christian, and unconstitutional, and further that the actions complained of are aided and abetted by Equality Delaware and its public spokesman, Purpura. Plaintiff seems to allege that the proposed Regulation, if adopted, would violate his constitutional rights.

The Court takes judicial notice that "after receiving more than 11,000 comments on a previous version of the proposed regulation" and "after careful review of that feedback, Secretary of Education

1

Susan Bunting made responsive changes," and the revised Regulation was published in the June Register of Regulations on June 1, 2018. *See* https://www.doe.k12.de.us (last visited Mar. 4, 2019). The Court takes further judicial notice that on August 2, 2018,

> the Delaware Department of Education announced . . . that it will not be moving forward to finalize the current proposed version of Regulation 225. The department received more than 6,000 comments in response to the revised proposed 225 Prohibition of Discrimination Regulation, which was published in the June Register of Regulations. . . . "Recent court decisions have raised important legal questions regarding this issue, and the significant public comments make clear we still haven't struck the right balance," Secretary of Education Susan Bunting said. "For those reasons, we're not going to finalize the current proposed version of the regulation."

*See* https://www.doe.k12.de.us (last visited Mar. 4, 2019).

Defendants move to dismiss pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6). Plaintiff did not file an opposition. He has taken no action in this matter April 9, 2018 and appears to have abandoned his suit.

## III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of*

2

*Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

Defendants move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and, under Rule 12(b)(6), for failure to state a claim on the grounds the Complaint is deficiently pled. Defendants' reasons for dismissal include DOE's and Bunting's immunity from suit and Equality Delaware's and Purpura's status as non-state actors.

3

A. **Eleventh Amendment Immunity**

Named defendants include the DOE and Secretary Bunting, whom it appears is named only in her official capacity. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).

Therefore, as an agency of the State of Delaware, the DOE is entitled to immunity under the Eleventh Amendment. In addition, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself," and Bunting is afforded immunity under the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted). However, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *See Ex parte Young*, 209 U.S. 123 (1908). "This standard allows courts to order prospective relief, as well as measures ancillary to appropriate prospective relief." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (internal citations omitted).

Accordingly, the Court will grant Defendants' motion to dismiss the DOE and will dismiss Bunting as a Defendant to the extent Plaintiff seeks for monetary damages from Bunting (although not specifically pled). *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) (state official sued in his or her official capacity for prospective injunctive relief is deemed "person" amenable to suit).

B. **State Actors**

Equality Foundation and Purpura are not State actors, as is required to be subject to § 1983 claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)

4

(internal citation omitted). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49.

Equality Delaware is a non-profit, nonstock corporation and Purpura is one of its officers and directors. (D.I. 7 at 2) Neither Defendant is "clothed with the authority of state law." *See e.g., Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005) (organization's collaboration with state agency to develop regulations did not make it state actor since final enforcement authority and ability to promulgate regulations remained with state). Equality Delaware is also not a "person" within the meaning of § 1983.

Accordingly, the Court will grant Defendants' motion to dismiss the § 1983 claims raised against Equality Delaware and Purpura.

C.     **Deficiently Pled**

The Complaint is deficiently pled. While Plaintiff recites a number of federal statutes, he does not state cognizable claims against Defendants. The Complaint is replete with labels and conclusions and does not meet the pleading standards of *Twombly*.

For example, the 42 U.S.C. § 1981 claim against State Defendants cannot lie because no implied right of action exists against State actors. Nor does the Complaint state a § 1981 claim (which forbids discrimination on the basis of race in the making of public and private contracts) against Equality Delaware and Purpura.

With regard to 42 U.S.C. § 1985, the Supreme Court has interpreted § 1985(3) and the second clause of 1985(2) similarly, finding that each contains language "requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." *Kush v. Rutledge*, 460 U.S. 719, 725 (1983). The Supreme Court has explained that "intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators'

5

action." *Id.* at 726 (emphasis omitted). The Complaint fails to all facts from which one could infer an agreement or understanding among Defendants to violate Plaintiff's constitutional rights, with the required intent or animus, or to discriminate against him under § 1985. The Regulation is directed towards students, not school taxpayers.

Finally, a cognizable 42 U.S.C. § 1985 claim is a prerequisite to stating a claim under § 1986. *See Robison v. Canterbury Vill., Inc.*, 848 F.2d 424, 431 n.10 (3d Cir. 1988). As the Complaint does not state a § 1985 violation under any viable legal theory, the § 1986 claim fails as a matter of law.

### D. Relief Sought

Plaintiff seeks injunctive relief and a hearing before enactment of the Regulation. In light of the DOE's August 2, 2018 announcement that it is not moving forward to finalize the current proposed version of Regulation 225, Plaintiff's prayer for relief is moot. For this reason as well, then, the Complaint will be dismissed. *See Zanford v. S.E.C.*, 2012 WL 628002, at *1 (D. Del. Feb. 27, 2012) (dismissing case where requested injunctive relief was moot).

## V. CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss. (D.I. 7) The Court finds amendment would be futile.

An appropriate Order will be entered.